IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS –
AUSTIN DIVISION

| | |
|---|---|
| APRIL BALCOMBE,<br><br>　　Plaintiff,<br><br>v.<br><br>TRAVIS COUNTY,<br><br>　　Defendant. | CIVIL ACTION NO. 16-945<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

April Balcombe ("Ms. Balcombe" or "Plaintiff"), by and through her attorney of record, hereby complains of Travis County ("the County" or "Defendant"), and would respectfully show this Honorable Court the following:

### 1. INTRODUCTION

1.1. This is a sexual harassment/hostile work environment gender discrimination and retaliation suit arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII" or the "Act").

1.2. Plaintiff demands a JURY TRIAL.

1.3. This action seeks equitable relief, actual damages, compensatory damages, punitive damages, consequential damages, pecuniary damages, expert witness fees, court costs, attorney's fees, and pre-judgment and post-judgment interest.

### 2. PARTIES

2.1. Plaintiff, April Balcombe, is a resident of Hays County, Texas. At all times material hereto, Plaintiff was an "employee" as that term is defined at law.

2.2.  Defendant Travis County is an employer as defined by applicable law. Defendant has agreed to waive service of process. A waiver will be filed with the Court as soon as it is received.

### 3. VENUE & JURISDICTION

3.1.  Venue is proper in this District because Defendant's acts and omissions that give rise to Plaintiff's discrimination and retaliation claims were committed in whole in Travis County, Texas, in the Western District of Texas.

3.2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 2000(e), *et seq.*

### 4. FACTS

4.1.  Plaintiff began working for the County in January 2015 as a certified court reporter in Judge Elisabeth Earle's courtroom.

4.2.  Within a week to two weeks after Plaintiff started working for the County, Vince Wade (Mr. Wade), Bailiff for Judge Earle's court, began sexually harassing Plaintiff and subjecting her to a sexually hostile work environment. Mr. Wade repeatedly told Plaintiff that she "looked sexy," informed her that he wanted to touch her legs, and commented on Plaintiff's breasts. On multiple occasions, Mr. Wade would get close to Plaintiff and try to look down her blouse. Mr. Wade told Plaintiff "If you won't tell, I won't tell," "You have no idea what you're missing," and "Once you try chocolate, you'll never go back." Mr. Wade regularly offered Plaintiff massages. Mr. Wade would lick his lips and say "mm-mm," acting like he wanted to kiss Plaintiff from far away, while looking Plaintiff up and down.

4.3.  On March 30, 2015, Mr. Wade kissed Plaintiff on the neck, uninvited and without warning. Later the same day, Mr. Wade texted Plaintiff that her neck "smelled good."

4.4. After Ms. Balcombe immediately let Mr. Wade know that his conduct was unwelcome, Mr. Wade began to retaliate against Ms. Balcombe. The next day, Mr. Wade started acting cold and distant towards Ms. Balcombe. On multiple occasions, including on April 9, 2015 and May 7, 2015, Mr. Wade yelled at Plaintiff in open court, causing her to leave the courtroom in tears. In April 2015, Mr. Wade contacted Human Resources and falsely reported that Ms. Balcombe was a bad hire and that she "dressed too sexy."

4.5. On June 23, 2015, Ms. Balcombe brought forward to Debra Hale, Court Administrative Director, explicit complaints of sexual harassment and differential treatment. Marti Ruby, Court Reporter, was also present. Ms. Balcombe complained that Mr. Wade had made unwanted sexual advances to her, both physical and verbal, and that these resulted in distress, anxiety, and serious discomfort. Instead of forwarding Ms. Balcombe's allegations to the appropriate authorities to have them investigated, Ms. Hale inappropriately told Ms. Balcombe to "stick it out," "get to know the incoming judges," and "hopefully transfer to another court in 2016."

4.6. In May and June, 2015, several items belonging to Plaintiff went missing in the workplace, prompting her to set up surveillance in her office on June 29, 2015.

4.7. The video footage Plaintiff recorded reveals that between June 29 and July 23, 2015, Mr. Wade entered Plaintiff's office in her absence and without her permission on multiple occasions, rummaging through her office and her cabinets, doing something with her computer keyboard, holding a CD or CD-ROM, and reaching under her desk where her Ethernet cable jack was located below her computer. Mr. Wade's actions show him potentially connecting or installing something on Plaintiff's computer.

4.8. On July 19, 2016, Plaintiff witnessed her computer being remotely controlled by an unknown third party deleting files, including a video of Mr. Wade on his knees under Plaintiff's desk doing something with her computer, from her computer as she watched. On July 19 and over the following months, evidence surfaced that Plaintiff's computer had been hacked or otherwise compromised. Files were deleted from Plaintiff's computer including her iSpy video files, files from her Dropbox account, Google drive account, photos in OneDrive, and other PDF files on her desktop. Unauthorized access attempts on Plaintiff's computer were made on multiple occasions.

4.9. On information and belief, Mr. Wade further harassed and/or retaliated against Ms. Balcombe for turning down his unwanted sexual advances by compromising or attempting to compromise her computer and her other possessions.

4.10. On July 21, 2015, Ms. Balcombe made a second, formal complaint of sexual harassment and retaliation to Judge Earle and Ms. Hale.

4.11. Following Plaintiff's protected complaints concerning the sexual harassment, Judge Earle and other court staff retaliated against Plaintiff by acting cold to Plaintiff and ostracizing her in the courtroom, changing her duties and hours, failing to train her on her new assigned duties, holding her to higher standards of attendance than other court staff, blaming her for scheduling issues outside of her control, and issuing her a writeup on September 21, 2015.

4.12. On July 29, 2015, Judge Earle emailed Plaintiff a list of changed work duties and work hours, including added duties of doing resets and answering emails. The new duties, which Plaintiff had never before been asked to perform and which added significantly to Plaintiff's schedule and responsibilities, were as follows:

> I would request that when you arrive at 8:30am that you begin with returning the emails and the voicemails we have received. I have asked that Jennifer stay in the courtroom and that you are now responsible for all emails, phone calls, and attorney resets in the office while Jennifer maintains the courtroom. … I will need you to be in the office from 8:30am to 5pm.

Based on the timing, Judge Earle's changing of Plaintiff's schedule and duties is clear retaliation for bringing forward her complaints of sexual harassment.

4.13. On August 10, 2015, Plaintiff was shocked to discover that all of her court files, as well as surveillance videos and backup files, were missing from her computer. Over the next few days, Plaintiff contacted and met with the FBI and the Travis County Sheriff's office to report the suspected computer crimes, including Mr. Wade's suspected participation. The damage done to Plaintiff's computers and files is severe and the matter is currently under investigation.

4.14. On October 22, 2015, Plaintiff's counsel sent a letter complaining of the sexual harassment and continuing retaliation for reporting sexual harassment.

4.15. On information and belief, on October 23, 2015, Judge Earle emailed Ms. Hale regarding her wish to terminate Plaintiff's employment.

4.16. On October 25, 2015, Plaintiff was terminated and given pretextual reasons for her termination.

4.17. The County terminated Plaintiff's employment in retaliation for making protected complaints of sexual harassment and gender discrimination.

5. <u>CAUSES OF ACTION: GENDER DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT, RETALIATION</u>

5.1. Defendant's actions set forth above, as well as other facts that will be developed through discovery, violate Title VII. Plaintiff was subjected to a sexually harassing hostile work environment and was terminated in retaliation for reporting sexual harassment.

5.2. The harassment to which Plaintiff was subjected was sufficiently severe and/or pervasive to have affected a term or condition of her employment. Plaintiff's reports were made in good faith.

5.3. Plaintiff has exhausted all administrative prerequisites to the filing of this suit.

5.4. Plaintiff has suffered damages as a result of the sexual harassment and retaliation and seeks all relief allowed by law.

## 6.  JURY DEMAND

6.1. Plaintiff hereby requests a jury trial in this cause, and has paid the required jury fee.

## 7.  PRAYER

7.1. Plaintiff respectfully prays for the following relief:

   i. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein, including actual damages, special damages, compensatory damages, lost wages, emotional damages, punitive damages, lost benefits, pre-judgment and post-judgment interest, and any other damages as allowed by law;

   ii. Attorney's fees, costs, and expenses, as permitted by law;

   iii. Injunctive relief, including, but not limited to, reinstatement to her former or an equivalent position, with reinstatement of fringe benefits and seniority rights, or front pay;

   iv. Order Defendant to inform all employees of their rights under Title VII by placing a sign in prominent locations throughout the workplace;

   v. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Martin A. Shellist*
Martin A. Shellist
State Bar No. 00786487
mshellist@eeoc.net
Dorian Vandenberg-Rodes
State Bar No. 24088573
drodes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF